## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MARIA PUERTA, on her own behalf and on behalf of those similarly situated,**

      **Plaintiff,**              **Case No.:**

**-vs-**

**DIVERSIFIED I, INC., a Florida Profit Corporation, and LAILA SABRY, individually**

      **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MARIA PUERTA, on her own behalf and on behalf of others similarly situated, by and through undersigned counsel, hereby brings this action against the Defendant, DIVERSIFIED I, INC., a Florida profit corporation, ("Diversified"), and LAILA SABRY, individually ("SABRY")(collectively "Defendants") for unpaid overtime compensation, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").  This action is intended to include each and every "driver" who worked for the Defendants at any time within the past three (3) years.

## NATURE OF SUIT

The FLSA was passed by Congress in 1938.  The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory

minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

## JURISDICTION & VENUE

1.     Defendant, DIVERSIFIED, INC., is a Florida profit corporation that operates and conducts business in, among others, Orlando, Florida (Orange County) and is therefore, within the jurisdiction of this Court.

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

3.     The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## PARTIES

4.     Plaintiff, MARIA PUERTA, was an employee of the Defendant within the last three (3) years for Defendant in Orlando, Florida (Orange County).

5.     Defendant, DIVERSIFIED, is a private company which provides vehicle transportation services throughout Florida.

6.     Defendant SABRY, is the acting manager and registered agent of Defendant DIVERSIFIED.

7.     Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendants who worked at DIVERSIFIED, INC., at any time during the three-year period before this Complaint was filed up

to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## FACTUAL ALLEGATIONS

8.      Plaintiff was a "driver" and performed related activities for Defendant in Orlando, Florida (Orange County).

9.      In this capacity, Plaintiff earned between $9.50 and $55 per vehicle transported, regardless of the time it took to perform the delivery.

10.     Plaintiff worked for Defendant from approximately September 2017 to present.

11.     During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks.  Specifically, Plaintiff would work over 70 hours per week.

12.     However, Plaintiff was not paid overtime compensation of one and a half times her regular rate of pay per hour for overtime hours worked.

13.     Plaintiff was paid per vehicle delivered and not based on the number of hours she worked.

14.     As a result, Plaintiff should have received compensation at time and one half her calculated regular rate of pay for all hours worked beyond the forty (40) hours per week.

15.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

16.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

17.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and whom suffered from the same pay practices of being improperly paid overtime wages.

## COVERAGE

18.     At all material times relevant to this action (2015-2018), DIVERSIFIED was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

19.     At all material times relevant to this action (2015-2018), DIVERSIFIED made gross earnings of at least $500,000 annually.

20.     At all material times relevant to this action (2015-2018), DIVERSIFIED accepted payments from customers based on credit cards issued by out of state banks.

21.     At all material times relevant to this action (2015-2018), DIVERSIFIED routinely ordered materials or supplies from out of state.

22.     At all material times relevant to this action (2015-2018), DIVERSIFIED had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

23.     At all material times relevant to this action (2015-2018), DIVERSIFIED used U.S. mail to send and receive letters to and from other states.

24.     At all times relevant to this action (2015-2018), Defendant DIVERSIFIED failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

25.     SABRY is a manager who acted with direct control over the work, pay and job duties of Plaintiffs.

26.    SABRY: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.

27.    As such, SABRY is charged with responsibility for violations of Plaintiff's rights to overtime wage damages.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS DIVERSIFIED

28.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 27 above.

29.    Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

30.    During her employment with DIVERSIFIED, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for the same. Specifically, Plaintiff worked approximately seventy-five (75) hours per work week but only received pay per vehicle delivered.

31.    As a result of DIVERSIFIED's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32.    As a result of DIVERSIFIED's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against DIVERSIFIED for the payment of all overtime hours at one and one-half her calculated regular rate of pay for the hours worked by her for which DIVERSIFIED did not properly compensate her, liquidated damages, reasonable

attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS SABRY

34.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 27 above.

35.    Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

36.    During her employment with SABRY, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for the same. Specifically, Plaintiff worked approximately seventy-five (75) hours per work week but only received pay per vehicle delivered.

37.    As a result of SABRY's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38.    As a result of SABRY's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

39.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against SABRY for the payment of all overtime hours at one and one-half her calculated regular rate of pay for the hours worked by her for which SABRY did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COLLECTIVE ACTION ALLEGATIONS

40.    As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

41.    Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

42.    Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as drivers under the same conditions and subject to the same violations of the FLSA.

43.    Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

44.    Class Members are not exempt from receiving overtime pay under the FLSA.

45.    As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

46.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

47.    The experiences of Plaintiff, with respect to their pay, are typical of the experiences of Class Members.

48.    The experiences of Plaintiff, with respect to their job duties, are typical of the experiences of Class Members.

49.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

50.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

51.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

52.     The Plaintiff and the Class Members held the same job title: driver.

53.     As such, the class of similarly situated Plaintiff is properly defined as follows:

**The Class Members are all of Defendants' current and former drivers who worked for Defendant in Florida at any time during the three (3) years before this Complaint was filed up to the present.**

## **DEMAND FOR JURY TRIAL**

54. Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this __5th__ day of December, 2018.

Respectfully submitted by,

**/s/ CARLOS V. LEACH**
Carlos V. Leach, Esquire
FBN 0540021
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com