# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA PUERTA,**

      **Plaintiff,**

**v.**                                          **Case No:  6:18-cv-2091-Orl-41GJK**

**DIVERSIFIED I, LLC and LAILA SABRY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 30)** |
| **FILED:** | **August 27, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED as unopposed**. | |

On April 18, 2016, Plaintiff filed a motion for leave to file an Amended Complaint. Doc. No. 27. On August 13, 2019, the motion for leave to file an Amended Complaint was granted and the Amended Complaint was deemed filed as of that date. Doc. No. 28. On August 27, 2019, Defendants filed a motion to dismiss Count IV of the Amended Complaint, a claim for retaliation under the Fair Labor Standards Act ("FLSA") (the "Motion"). Doc. No. 30. To date, Plaintiff has not filed a response to the Motion. Thus, the Motion is unopposed. The Case

Management & Scheduling Order provides that "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." Doc. No. 25 at 5.

On August 27, 2019, Defendants filed a Counterclaim against Plaintiff for civil theft in violation of section 772.11, Florida Statutes, after delivering a demand letter on June 14, 2019 for treble damages to Plaintiff for civil theft of monies that were wrongfully retained by Plaintiff. Doc. No. 30 at 2; Doc. No. 31. The underlying basis for the civil theft claim was Plaintiff's retention of funds from a check, number 5945, issued to her that was mistakenly written out for $697.38 when it was supposed to be for $45.00. Doc. No. 31 at 10-11. The Counterclaim alleges Plaintiff was aware she had only earned $45.00 and fraudulently represented the intended amount when she deposited the check. Doc. No. 31 at 11. In her Answer and Affirmative Defenses, Plaintiff admits to receiving check number 5945 in the amount of $697.38 but denies the remaining allegations. Doc. No. 34 at 3.

Count IV of the Amended Complaint alleges that Defendants retaliated against Plaintiff by accusing her of civil theft and that Defendants only sent the demand letter because Plaintiff filed a Complaint against Defendants for unlawful pay practices. Doc. No. 27-1 at 8. Defendants seek to dismiss Count IV of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for retaliation. Doc. No. 30 at 2. Defendants argue that Count IV fails to state a claim because Plaintiff does not allege that the civil theft claim "lacks a reasonable basis in fact or law." Doc. No. 30 at 2.

A plaintiff can establish a prima facie case of retaliation under the FLSA if she establishes: 1) she engaged in a protected activity under the FLSA; 2) she subsequently suffered an adverse action by the employer; and 3) the employer's adverse action was causally connected to the protected activity. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). "The filing

of a counterclaim may constitute an adverse action if it was filed with a retaliatory motive and lacks a reasonable basis in law or fact." *Serra v. Shriners Hosps. for Children*, No. 8:18-cv-2682, 2019 U.S. Dist. LEXIS 61592, at *3 (M.D. Fla. Apr. 10, 2019). Plaintiff did not allege in her Amended Complaint how the civil theft counterclaim for retaining additional monies from a check has no reasonable basis in law or fact, nor did she respond to the Motion. Doc. No. 27-1 at 8.

Based on the foregoing, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 30) be **GRANTED as unopposed**; and
2. Count IV of the Amended Complaint be **DISMISSED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on September 25, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy