# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA PUERTA, on her own behalf and on behalf of those similarly situated,**

                **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 6:18-cv-2091-Orl-41GJK

**DIVERSIFIED I, INC., a Florida for profit corporation and LAILA SABRY, individually,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW** (Doc. No. 29) |
| **FILED:** | **August 15, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND.

On December 5, 2018, Plaintiff filed suit against Defendants for violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages and a minimum wage as required by the FLSA for non-exempt employees. Doc. No. 1. Plaintiff alleges she, and those

similarly situated, were employed as drivers for Defendant Diversified I, Inc.'s ("Diversified") vehicle transportation company.  Doc. No. 1 at 2.  Defendant Sabry was the acting manager of Diversified.  Doc. No. 1 at 2.  Plaintiff alleges she was a "driver" and performed related activities for Defendants, earning between $9.50 and $55.00 per vehicle transported.  Doc. No. 1 at 3.  Plaintiff alleges she worked in excess of forty hours per week without overtime compensation, but rather was paid per vehicle delivered.  Doc. No. 1 at 3.  Plaintiff alleges that there are other employees who are similarly situated.  Doc. No. 1 at 4.   On August 27, 2019, Defendants filed a Counterclaim against Plaintiff for civil theft.  Doc. No. 31.

Diversified employs drivers to transport vehicles within the state of Florida, and to and within the State of Georgia.  Doc. No. 29 at 2.  Diversified has at least one location in Florida.  *Id.*  Between September 2017 and April 2018, Diversified employed approximately forty drivers and approximately 200 employees over the three year period may have been affected by the allegedly illegal pay practices.  Doc. No. 29 at 8.

On August 15, 2019, Plaintiff filed a Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (the "Motion").  Doc. No. 29.  Plaintiff seeks class certification related to Diversified's failure to pay overtime as well as a minimum wage in some instances. Doc. No. 29.   Plaintiff seeks court-supervised notice to current and former employees of Defendants Diversified and Laila Sabry ("Defendants"), within the last three (3) years.  Doc. No. 29 at 1.   The proposed notice ("Notice") includes "hourly and/or flat rate employee[s] who worked for the Defendants at any time in the three years prior to the filing of this complaint."  Doc. No. 29-5.

Two additional employees have filed consents in this case. Doc. No. 22. Like Plaintiff, they were drivers for Diversified. Doc. Nos. 29-3, 29-4. Plaintiff argues that the parties are all similarly situated because they performed similar duties, were paid a flat rate wage at times and an hourly wage at times, and were eligible for overtime but not compensated for overtime when they worked in excess of forty hours per week. Doc. No. 22; Doc. Nos. 29-2, 29-3, and 29-4. Plaintiff argues that Defendants employed the same scheme with all of Diversified's employees and the failure to pay overtime wages affected all employees that worked for Diversified in the last three years. Doc. No. 29 at 4. Plaintiff requests that the Notice be approved and that, in addition to notification by mail, the Notice be posted at each of Diversified's locations. Doc. No. 29 at 14. Plaintiff also requests a three year statute of limitations for the Notice and that Diversified be directed to provide Plaintiff with a list of all putative class members' names, addresses, and e-mail addresses. Doc. No. 29 at 16.

On August 29, 2019, Defendants filed a Response in Opposition to Plaintiff's Motion (the "Response"). Doc. No. 32. Defendants argue that Plaintiff and the potential class members were independent contractors. Doc. No. 32 at 2. Defendants argue that applying the economic realities test to all similarly situated drivers would require individualized analysis that precludes conditional certification. Doc. No. 32 at 3. Defendants do not explain what those differences are but suggest having to determine if each driver is an independent contractor or employee as a threshold matter essentially precludes conditional class certification. *Id.* Defendants also argue that their pending counterclaim against Plaintiff for civil theft precludes conditional certification. *Id.* Defendants do not otherwise challenge the class as proposed, or the Notice and Consent. Doc. No. 32.

3

On September 27, 2019, Plaintiff filed a Reply in support of the Motion (the "Reply"). Doc. No. 37. Plaintiff argues that it is inappropriate to consider the merits on conditional certification. *Id.*

## II. MOTION FOR CONDITIONAL CLASS CERTIFICATION.

Plaintiff seeks relief under 29 U.S.C. § 216(b) of the FLSA and asks the Court to conditionally certify the aforementioned class. Doc. No. 60 at 1-2. Plaintiff requests that the Court permit and supervise notice to the class using the Notice attached to the Motion and permit the Notice to be posted at Diversified's facilities. *Id.* Finally, Plaintiff asks that the Court order Diversified to provide her with information regarding everyone in the class. *Id.*

### A. Legal Standard

There is a two-step procedure for whether a FLSA collective action should be certified: 1) the notice stage; and 2) the decertification stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The Motion falls under the notice stage. The notice stage is when "a district court determines whether other similarly situated employees should be notified." *Id.*

At the notice stage, "[a] plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." *Id.* (quoting *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007)). The standard for determining similarity at the notice stage is fairly lenient, not particularly stringent, and not heavy. *Id.* at 1261. In addition to determining whether there are similarly situated employees to the plaintiff, the court must also "satisfy itself that there are other employees of the []employer who desire to 'opt-in' . . . ." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991).

The Court must not review the merits of the case, including whether Defendant is Plaintiff's employer as defined by the FLSA. *Roberson v. Restaurant Delivery Developers, LLC*, No. 8:17-cv-769, 2017 WL 4124862, at *3 (M.D. Fla. 2017). "'It is not the Court's role to resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations at the preliminary certification stage of an FLSA collective action.'" *Id.* (quoting *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006)). Instead, the analysis is confined to whether a class of similarly situated employees exists and whether those employees would be interested in opting in to the proposed class. *Roberson*, 2017 WL 4124862, at *3.

### B.   Other Employees Desiring to Opt In

Plaintiff has the burden to provide a reasonable basis supporting her position that other aggrieved individuals exist in the putative class. *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-CV-00470-T-27, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012). Plaintiff asks the Court to conditionally certify a class of all employees of Diversified. Doc. No. 29. Two other drivers have already opted-in to this action, and all three drivers indicate they believe there are other drivers who would opt in. Doc. Nos. 29-2, 29-3, 29-4.

It is recommended that the Court find that Plaintiff sufficiently demonstrates the requirement for issuance of notice that there are other people that are or were drivers for Diversified that may wish to opt-in to the FLSA action. Plaintiff does not sufficiently demonstrate that *all* Diversified's employees should be included in the class, only that those who acted as drivers for Diversified would qualify. Thus, the class should be redefined as a class of

drivers who worked for Defendant transporting vehicles within the last three years of the filing of this action.

### C. Similarly Situated

Plaintiff must be "'similarly situated' with respect to her job requirements and with regard to her pay provisions . . . ." *Dybach*, 942 F.2d at 1567–68. Plaintiff has the burden of demonstrating similarity. *Kelley v. Taxprep1, Inc.*, No. 5:13-CV-451-OC-22PRL, 2014 WL 10248251, at *2 (M.D. Fla. Apr. 2, 2014). Similar does not mean identical. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). Job duties, pay provisions, and whether the employees were subjected to a common policy that is the basis for the alleged FLSA violation are factors to be considered in determining whether Plaintiff is similarly situated to the proposed class. *Allen*, 2017 WL 3701139, at *7. "A pattern or standard practice of denying due compensation may satisfy the 'similarly situated' requirement for conditional certification of a collective action." *Whineglass v. Smith*, 8:22-cv-2784, 2012 U.S. Dist. LEXIS 175511, at *13 (M.D. Fla. 2012) (citing *Reed v. Mobile Cty. School Sys.*, 246 F. Supp. 2d 1227, 1233-34 (S.D. Ala. 2003)).

Here, Plaintiff has demonstrated that "the pay provisions and job requirements of the interested, non-named employees' positions are materially similar to those of . . . the named Plaintiffs. At the notice stage, that is all that the 'similarly situated' standard requires." *Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149, 2015 U.S. Dist. LEXIS 86610, at *13-14 (M.D. Fla. July 1, 2015). Thus, it is recommended that the Court find that Plaintiff sufficiently demonstrates she is similarly situated to other drivers who were paid on a per car and hourly basis transporting vehicles for Diversified.

**D.     Notice and Consent**

Plaintiff provides proposed Notice and Consent forms.  Doc. Nos. 29-5, 29-6.   Plaintiff proposes potential class members be provided forty-five days within which to opt-in after the date the Notices are mailed. Doc. No. 29 at 17. Diversified makes no challenge to either the Notice or Consent and does not otherwise argue that posting the Notice at its workplace is inappropriate.  Accordingly, it is recommended that the proposed Notice and Consent forms be approved as proposed.

**III.     CONCLUSION**.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 29) be **GRANTED in part** and **DENIED in part** as follows:

1. That the Court conditionally certify the following class:

    hourly and/or flat rate employee[s] who worked as drivers for the Defendants at any time in the three years prior to the filing of this complaint;

2. That Plaintiff's counsel be appointed as class counsel;

3. That Defendants be directed to provide Plaintiff with the names, addresses, and email addresses for everyone in the class within ten days of the Court's order on the Motion;

4. That Plaintiff mail a Notice to potential members of the class in the form provided in Doc. No. 29-5, with the revisions described within this Report and Recommendation, and the Consent to Become Class Member Pursuant to 29 U.S.C. § 216(b), in the form provided in Doc. No. 29-6;

5. That potential class members be given forty-five days from the date of the Notice to opt-in and file a Consent;

6. That Plaintiff be permitted to post the Notice at Diversified's facilities; and

7. That in all other respects, the Motion be **DENIED**.

## NOTICE TO PARTIES

The parties have fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on October 21, 2019.

*[signature]*

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Unrepresented Parties