IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA PUERTA, on her own behalf
and on behalf of those similarly situated

    Plaintiff,

                  Case No.: 6:18-cv-2091-Orl-41GJK

    v.

DIVERSIFIED I, INC., a Florida Profit Corporation, and LAILA SABRY, individually,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'**
**SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, MARIA PUERTA, on her own behalf and on behalf of those similarly situated, and Defendants, DIVERSIFIED I, INC. and LAILA SABRY, by and through undersigned counsel, hereby file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

1. Plaintiff and Defendant have reached an amicable resolution to this matter. *See* Exhibit A, Settlement Agreement.

2. Plaintiff filed her complaint (Doc. 1) under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that she was incorrectly misclassified as an independent contractor and not properly paid her overtime wages.

3. On January 2, 2020, the Court granted Plaintiff's Motion to Conditionally Certify FLSA Collective Action. (Doc. 41)

4. Thereafter, the opt-in consent forms were filed. (Doc. 44 and Doc. 47).

5. A total of 9 (nine) opt-in Plaintiffs joined this action.

6.	Defendant disputes Plaintiff allegations that Plaintiff was not paid overtime wages and further dispute the amount of hours Plaintiff claims to have worked on a weekly basis.

7.	Defendant contends that Plaintiff is more than being fully compensated for any overtime and liquidated damages that may have been owed to Plaintiff; but agrees to resolve this case for the said amounts to minimize accumulation of additional costs and fees in defending this matter. Likewise, Plaintiff recognize the risks and additional expenses involved in continuing litigation of this matter and agrees to resolve this case for less than her claim would possibly have been owed to them for her alleged damages, liquidated damages, fees, and costs, had she prevailed.

8.	As payment of the settlement funds are due after Court approval, the parties request that as a condition for dismissal, the Court retains jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012

**Memorandum of Law**

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

**I.     The Settlement.**

The Settlement Agreement is attached hereto as Exhibit A. Under the terms of the Settlement Agreement, Defendant shall pay Plaintiffs a total of $7,000.00 in allegedly unpaid overtime compensation, and $7,000.00 in alleged liquidated damages. The table below summarizes

3

the amount owed to each plaintiff and the amount they will receive as a result of the compromised settlement. It is important to note that the Defendant was engaged in the business of transporting rental cars for the rental car companies. As a result of the global pandemic, and its' impact on the entire rental car industry, the Defendant's business was decimated. In order to avoid the uncertainties of litigation, Defendant made an economic business decision to amicably resolve this matter.

| NAME | AMOUNT OWED | AMOUNT TO BE RECEIVED |
|---|---|---|
| Maria Puerta | $11,211.56 | $2,126.32 |
| Angel Baez | $8,381.50 | $1,215.79 |
| Ana Baez | $10,739.28 | $1,557.80 |
| Alejandro Noriega | $13,180.68 | $1,911.95 |
| Jaime Aponte | $4,757.11 | $690.05 |
| Jorge Fernandez | $18,003.32 | $2,361.50 |
| Maria Reanez | $5,146.81 | $746.58 |
| Pablo Diaz | $10,097.00 | $1,629.72 |
| Sheldon Hill | $7,998.41 | $1,160.22 |
| Wilson Colon | $4,136.77 | $600.07 |

The settlement does not require Plaintiff to waive or release any claims other than her FLSA claims. Nor does it require Plaintiff to agree to any terms, such as confidentiality, non-participation in other claims, or a prospective waiver of any rights, that this Court has previously ruled to be impermissible in the context of an FLSA settlement. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

The settlement also provides that Defendant will pay Plaintiff's counsel the sum total of $6,000.00 in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## II.    "Bona Fide" Disputes Exist.

*Lynn's Food Stores* permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." *Dees*, 706 F. Supp. at 1241. Parties requesting review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the dispute. *Id.*

Here, Plaintiff alleges that she was incorrectly misclassified as an independent contractor and not properly paid her overtime wages. Defendant contends that Plaintiff was an independent contractor and not owed any overtime or liquidated damages for all the reasons outlined above. more than fully compensated for any overtime and liquidated damages that may have been owed to Plaintiff.

"In order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute and the financial state of the Defendant's business, the amount received by Plaintiffs in this settlement is a fair and reasonable settlement and should be approved by this Court.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice against Defendant; (3) and the Court retaining jurisdiction to enforce the terms of the settlement agreement.

Dated this 17th day of December, 2020.

Respectfully submitted,

| | |
|---|---|
| *s/ Bruce A. Mount* | *s/ David H. Spalter* |
| Carlos V. Leach, Esq. | David H. Spalter, Esquire |
| FL Bar No.: 540021 | FL Bar No.: 966347 |
| Bruce A. Mount, Esq. | Jill S. Schwartz, Esquire |
| FL Bar No.: 88754 | FL Bar No.: 523021 |
| THE LEACH FIRM, P.A. | JILL S. SCHWARTZ & ASSOCIATES, P.A. |
| 631 S. Orlando Ave., Suite 300 | 655 W. Morse Blvd., Suite 212 |
| Winter Park, FL 32789 | Winter Park, Florida 32789 |

| | |
|---|---|
| Telephone: (407) 574-4999 | Telephone: (407) 647-8911 |
| Facsimile: (833) 423-5864 | Facsimile: (407) 628-4994 |
| Email: cleach@theleachfirm.com | E-mail: dspalter@schwartzlawfirm.net |
| Email: bmount@theleachfirm.com | E-mail: jschwartz@schwartzlawfirm.net |
| Email: yhernandez@theleachfirm.com | E-mail: jtacktill@schwartzlawfirm.net |
| | E-mail: docketing@schwartzlawfirm.net |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of December, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which I will send a notice of electronic filing to all parties of record

*s/ Bruce A. Mount*
Bruce A. Mount, Esq.